ORIGINAL

# In the United States Court of Federal Claims

No. 15-262L (Pro Se)
(Filed: October 21, 2015)

FILED
OCT 21 2015
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| FRANCIS-WALTER (STARTUP), | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

*Francis-Walter (Startup)*, Placentia, CA, Plaintiff, *pro se*.

*Reta Emma Bezak*, Trial Attorney, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Donald E. Kinner*, Assistant Director, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

The pro se plaintiff in this case, Francis-Walter (Startup) ("Mr. Startup"), claims that certain defendant banks unlawfully foreclosed on property that he owned in Placentia, California. Compl. at 1. In addition, Mr. Startup alleges that the United States Bureau of Land Management (BLM) failed to certify a land patent claim that he forwarded to the agency. Id. at 2. According to Mr. Startup, by virtue of the British common law and the evolution of concepts of property after the American Revolution, in the United States "the title to land is essentially allodial;" which means, Mr. Startup claims, that once a sovereign citizen claims title or a land patent over certain property and posts or publishes such a claim, that citizen has absolute ownership of the property and it may not become the subject of foreclosure. See id. at 5–8.

Based on these and other allegations, Mr. Startup "demands judgment against the United States and its[] Congress-sanctioned, but unlawful banking Corporations, in the amount [plaintiff] paid to them of $35,067.44 + interest; and any other remuneration which this court deems justified for the [stated] damages." Id. at 8. He also asks the Court to order the BLM to certify his land patent claim. Id. at 2.

The government has moved to dismiss Mr. Startup's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), for lack of jurisdiction. In

the alternative, it moves to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim. For the reasons set forth below, the government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED**, and the complaint is **DISMISSED** without prejudice.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims is a court of limited jurisdiction. Brown v. United States, 105 F.3d 621, 623 (Fed Cir. 1997). Its primary source of jurisdiction is the Tucker Act, which empowers it to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff, United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In this case, as noted, Mr. Startup seeks relief against several private banks, whom he has named as defendants. Compl. at 1 (naming as defendants "JP Morgan Chase Bank, N.A." and "Wells Fargo Bank, N.A. & Associate Loan Servicers"); see also id. at 9 (requesting issuance of injunction to these "banks and their attorneys of record to cease and desist any further action to foreclose on the subject property"), id. at 8 (demanding judgment against "banking Corporations"). The Court of Federal Claims, however, does not have jurisdiction over claims brought against private parties or other entities that are not the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Brown, 105 F.3d at 624 (Fed. Cir. 1997). Mr. Startup's claims against the bank defendants, accordingly, must be dismissed.

Mr. Startup, as noted, also challenges the Bureau of Land Management's alleged refusal to certify his land patent claim, contending that this action violated the Ninth and

Tenth Amendments to the U.S. Constitution, as well as the Constitution of the State of California. Compl. at 2. He asks the Court to order BLM to "recognize and certify my posted, published and recorded Land Patent." Id. at 9. This claim is similarly outside the Court's jurisdiction, because Mr. Startup does not identify any statute that would give this Court jurisdiction to review actions taken by the BLM and because the Court lacks jurisdiction under the Tucker Act to grant equitable relief except as incidental to a grant of money damages, Nat'l Air Traffic Controllers Assoc. v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998), and.

Finally, Mr. Startup seeks an award of damages against the United States for what he alleges were "fraudulent acts" that either the United States or "its[] Congress-sanctioned, but unlawful banking Corporations" committed. Compl. at 8. He alleges that the fraudulent acts resulted in the denial of his "sacred rights of Due Process and Discovery;" "[s]tress, having paid precious funds on a 'vitiated' contract;" "[l]oss of precious time with [his] wife, children and grandchildren;" and "[l]oss of personal time to research, expose, challenge and prove the fraud in these important actions." Id. at 8–9.

Mr. Startup, however, has not identified any statutory, regulatory, or constitutional basis for these claims that supplies a substantive right to money damages from the United States, as is required to invoke this Court's jurisdiction under the Tucker Act. And while his request for relief makes passing reference to a "vitiated contract," the Court takes that to be a reference to his loan agreement with the banks that foreclosed on his mortgage, as he has not otherwise alleged the existence of a contract between himself and the United States. The Court, accordingly, lacks jurisdiction over Mr. Startup's request for an award of monetary relief against the United States.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss under RCFC 12(b)(1) is **GRANTED** and the case is **DISMISSED** without prejudice. The Clerk is directed to enter judgement accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge